UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alan Nix,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mike Scarborough, Stephanie Trotter, Ryan McCabe, President of Churchill Park Homeowners Association Inc., Vice President of Churchill Park Homeowners Association Inc., Secretary of Churchill Park Homeowners Association Inc., Treasurer of Churchill Park Homeowners Association Inc., Sarah Schreiber, Alan Wilson, Rachel Filer, Michael Morris, Pam G., President of Churchill Park, Vice President of Churchill Park, Secretary of Churchill Park, Treasurer of Churchill Park, David Brown, Catherine Brown,<br><br>　　　　　Defendants. | C/A No. 2:24-cv-06318-RMG-MHC<br><br>**REPORT AND RECOMMENDATION** |

　　　　This is a civil action filed by Plaintiff Alan Nix, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

　　　　In a Proper Form Order dated February 10, 2025, Plaintiff was given an opportunity to provide the necessary information and paperwork[1] to bring the case into proper form for evaluation and possible service of process. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Proper Form Order would subject the case to

---

[1] The necessary information included that Plaintiff complete and sign a complaint form, provide payment of the filing fee or submit a fully completed and signed Form AO-239, provide a completed summons form listing each of the Defendants, provide (if Plaintiff submitted a Form AO-239) a completed and signed Form USM-285 for Defendant, and provide a fully completed and signed Pro Se Party's Answers to Rule 26.01 Interrogatories form. *See* ECF No. 8.

dismissal. *See* ECF No. 8. In a Text Order dated March 4, 2025, Plaintiff's motion for an extension of time to serve his Complaint was denied without prejudice. It was noted in the Text Order that the case was not in proper form. ECF No. 12

On March 10, 2025, the Proper Form Order was returned as undeliverable. ECF No. 14.[2] On April 1, 2025, the Text Order was returned as undeliverable. ECF No. 16. Because the envelopes in which Plaintiff mailed motions listed an address of 1401 Densmore Circle Mount Pleasant, SC 29466 (ECF Nos. 6-1, 11-1), the Proper Form Order and the Text Order were remailed to Plaintiff at that address on April 3, 2025. ECF No. 17. The remailed Proper Form Order and Text Order were not returned.

The time to bring this case into proper form has now lapsed, and Plaintiff has not provided the necessary documents to bring his case into proper form. Based on the foregoing, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address (1401 Densmore Circle, Mount Pleasant, SC 29466). If Plaintiff satisfies the requirements for proceeding with this case as is set forth in the Proper Form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** However, if Plaintiff fails to do so, then at the end of the time for filing

---

[2] At the time Plaintiff filed his case, Plaintiff listed his address as the Charleston County Detention Center. *See* ECF No. 1 at 15.

objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning).[3]

**The parties are also referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

June 25, 2025
Charleston, South Carolina

---

[3] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).